UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | May 7, 2015 |
|---|---|---|---|
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     (IN CHAMBERS): DEFENDANT SOCIÉTÉ AIR FRANCE'S MOTION TO DISMISS (Dkt. No. 7, filed April 9, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of May 11, 2015, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

On or about December 3, 2014, plaintiff Laila Benamar filed this action against defendants Air France-KLM, Société Air France ("SAF"), Servair, Inc. ("Servair"), and Does 1 through 50. SAF removed the action to this Court on April 2, 2015, on the bases of federal question and diversity jurisdiction. Dkt. No. 1. Plaintiff alleges that on December 4, 2012, she suffered food poisoning on an Air France flight from Paris to Los Angeles. Compl. ¶ 2. This food poisoning led to a sustained and debilitating illness that rendered plaintiff unable to work or care for her family for many months. Id. ¶ 3. Physicians later determined that plaintiff had been infected with the bacteria known as "H Pylori," which can be spread through food or water contaminated with human waste. Id. ¶¶ 4–5. Plaintiff alleges claims against all defendants for (1) common law strict liability, (2) strict liability under the Montreal Convention,[1] and (3) negligence. She also asserts claims for breach of implied warranty and violations of California's Unfair Competition

---

[1] The Montreal Convention is an international treaty to which the United States is a signatory. See Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734 [hereinafter "Montreal Convention"].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | May 7, 2015 |
|---|---|---|---|
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

Law against Servair (the caterer that allegedly prepared the meal which caused plaintiff's illness) and Does 1 through 50.

On April 9, 2015, SAF filed a motion to dismiss most of plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 7. Plaintiff filed an opposition on April 20, 2015, and SAF replied on April 27, 2015. Dkt. Nos. 11, 13. After considering the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | May 7, 2015 |
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. ANALYSIS

The Montreal Convention "governs 'all international carriage of persons, baggage or cargo performed by aircraft for reward,' " and "provides the exclusive remedy for international passengers seeking damages against aircraft carriers." Narayanan v. British Airways, 747 F.3d 1125, 1127 (9th Cir. 2014) (quoting Montreal Convention art. 1(1)). The Convention "establishes a unified system of rules regarding passenger claims for personal injury arising out of an accident, wrongful death, loss or damage to baggage or cargo, and damages resulting from a transportation delay." Seshadri v. British Airways PLC, No. 3:14-cv-00833-BAS (WVG), 2014 WL 5606542, at *5 (S.D. Cal. Nov. 4, 2014). Article 17(1) of the Convention provides that a carrier is "liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." For purposes of Article 17, "accident" means "an unexpected or unusual event or happening that is external to the passenger." Phifer v. Icelandair, 652 F.3d 1222, 1223 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | May 7, 2015 |
|---|---|---|---|
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

The Montreal Convention applies here because the complaint alleges that plaintiff was injured on an Air France flight from Paris to Los Angeles, and that her case of food poisoning "was an accident within the meaning of the Montreal Convention." Compl. ¶¶ 2, 23. Arguing that the Convention provides plaintiff's sole and exclusive remedy, SAF moves for an order dismissing plaintiff's non-Montreal Convention claims and limiting her potential damages. The Court addresses each argument in turn.

    **A.    The Montreal Convention Preempts Plaintiff's State Law Claims Against SAF.**

As noted, the Montreal Convention "provides the exclusive remedy for international passengers seeking damages against airline carriers." Narayanan, 747 F.3d at 1127. Article 29 of the Convention provides: "In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether upon this Convention or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention." Considering similar language in the predecessor Warsaw Convention, the Supreme Court has held that "recovery for a personal injury suffered on board an aircraft . . . if not allowed under the Convention, is not available at all." El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 161 (1999) (internal quotation marks and brackets omitted). The Ninth Circuit has held this language to preempt state law causes of action within the Convention's scope. See Motorola, Inc. v. Fed. Exp. Corp., 308 F.3d 995, 999 (9th Cir. 2002) ("The [Warsaw] Convention preempts state and federal claims falling within its scope."); Carey v. United Airlines, 255 F.3d 1044, 10 (9th Cir. 2001) (holding a plaintiff could not maintain state law claims against an airline where the Warsaw Convention governed).[2] Courts have interpreted the Montreal Convention to have the same preemptive effect. See Smith v. Am. Airlines, Inc., No. C 09-02903 WHA, 2009 WL 3072449, at *2 (N.D. Cal. Sept. 22, 2009) (collecting cases). Thus, the Montreal Convention "<u>completely</u> preempts <u>all</u> state tort law claims that fall within the Convention's 'substantive scope,' " including "all personal

---

    [2]"Although designed to replace the Warsaw Convention, the Montreal Convention incorporates many of its substantive provisions. Accordingly, in interpreting the Montreal Convention, courts have routinely relied upon Warsaw Convention precedent where the equivalent provision in the Montreal Convention is substantively the same." Narayanan, 747 F.3d at 1127 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | May 7, 2015 |
|---|---|---|---|
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

injury claims suffered onboard an aircraft" in international travel. Id. at *3 (emphasis in original).

Based on this exclusivity, SAF argues that the Court must dismiss plaintiff's state law claims for strict liability (Count I), negligence (Count III), breach of implied warranty (Count IV), and unfair competition (Count V). The Court agrees that plaintiff may not maintain state law strict liability and negligence claims for personal injuries she sustained as a passenger on an international flight, as several courts within this circuit have recently held. See Schoenebeck v. Koninklijke Luchtvaart Maatschappij N.V., No. CV 13-04992 SI, 2014 WL 1867001, at *1, 3 (N.D. Cal. May 8, 2014) (finding state law claims including strict liability and negligence preempted where injury occurred onboard international flight); Fadhliah v. Societe Air France, 987 F. Supp. 2d 1057, 1059–64 (C.D. Cal. 2013) (concluding state law claims were completely preempted by the Montreal Convention); Smith, 2009 WL 3072449, at *4 (dismissing state law negligence claims for personal injury on international flight); Kruger v. United Airlines, Inc., 481 F. Supp. 2d 1005, 1009 (N.D. Cal. 2007) (holding "state law tort claims, including those sounding in negligence," to be "preempted by the Montreal Convention").

Plaintiff makes no attempt to address or distinguish cases applying this preemption rule cited in SAF's motion, and cites no case in which similar claims have been held not to be preempted, let alone any such case in the Ninth Circuit. Plaintiff does, however, argue that her state law negligence claim should survive the motion to dismiss because of Article 21 of the Convention, which caps an air carrier's damages if it proves that the damages were not caused by the negligence or wrongful acts or omissions of the carrier, its servants or agents. But this language applies to "damages arising under paragraph 1 of Article 17" of the Convention, and merely limits damages; it provides no support for allowing a state law negligence action within the Montreal Convention's substantive scope. Plaintiff also contends that the language of Article 29 permits state law negligence claims. But as shown above, the Ninth Circuit and its district courts have rejected such an interpretation. Therefore, the Court GRANTS SAF's motion to dismiss plaintiff's state law claims for negligence and strict liability.

As to Counts IV and V, however, the complaint does not allege those claims against SAF. See Compl. at 6, 7 (alleging these claims only against "Defendants Servair and Does 1 through 50"). Servair has not filed a motion to dismiss or joined in SAF's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | May 7, 2015 |
|---|---|---|---|
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

motion. Therefore, to the extent SAF moves to dismiss these claims, the motion is DENIED as moot.³

    **B.**     **Plaintiff Is Granted Leave to Amend Her Complaint to Allege that Defendants Were Negligent Under the Montreal Convention.**

    Plaintiff requests that, if the Court dismisses her state law negligence claim, the Court grant her leave to amend her Montreal Convention claim to include allegations that SAF was negligent. Opp'n at 4. SAF opposes this request, reasoning that because the relevant flight occurred on December 4, 2012, an amended complaint alleging negligence under the Convention would be time-barred under its two-year limitations period. SAF's argument is unpersuasive.

    Article 35(1) of the Montreal Convention states: "The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped." Thus, a "claim for damages under the Convention must be filed within two years of the date upon which the aircraft arrived, or ought to have arrived, at its destination." Narayanan, 747 F.3d at 1128. This limitations period "operates as a condition precedent to suit and, as such, is not subject to equitable tolling." Id. at 1132. Citing this bar on tolling, SAF argues that any amended complaint would be untimely.

    However, Federal Rule of Procedure 15(c) provides that an amended pleading "relates back to the date of the original pleading" when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted

---

    ³See Ellis-Sallie v. City of Chicago, No. 12-cv-6451, 2013 WL 500840, at *3 (N.D. Ill. Feb. 7, 2013) ("Count 4 of the Amended Complaint was not alleged against Sallustio; therefore, Defendants' apparent attempt to dismiss Count 4 as it is alleged against Sallustio is denied as moot."); Velasco v. Sec. Nat'l Mortg. Co., 823 F. Supp. 2d 1061, 1069 n.5 (D. Haw. 2011) ("It is self-evident that this Court need not dismiss Count I as against Security since Count I is not alleged against Security."). The Court does not address the parties' arguments directed at claims brought only against Servair and the Doe defendants. See Opp'n at 5–6; Reply at 5–6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | May 7, 2015 |
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

to be set out—in the original pleading." And "[m]ultiple federal courts have held that the relation back doctrine applies to cases brought under the Warsaw and, by extension, Montreal Convention." QBE Ins. (Int'l) Ltd. v. Eva Airways Corp., 943 F. Supp. 2d 1022, 1027 n.2 (N.D. Cal. 2013) (collecting cases). For example, in Pennington v. British Airways, 275 F. Supp. 2d 601 (E.D. Pa. 2003), the court expressly rejected an argument that plaintiffs who filed suit within the Warsaw Convention's similar limitations period could not be granted leave to amend their complaint to conform with that Convention more than two years after the relevant flight. Id. at 606–07. Citing, *inter alia*, Pennington, the Eleventh Circuit recently "agree[d] with the consensus of courts that the Montreal Convention permits the application of Rule 15(c) relation back, at least when the amending plaintiff identifies the same defendants named in the original complaint." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1177 (11th Cir. 2014). SAF cites no authority for a contrary rule,[4] which would be especially inequitable where, as here, the plaintiff timely pleaded both a Montreal Convention claim and allegations of negligence, and simply wishes to combine the two in an amended complaint.

This Court agrees with this consensus that the Montreal Convention's limitations period poses no bar to the filing of an amended complaint adding allegations against the same defendants, where the original complaint was filed within the Convention's two-year period and Rule 15(c)'s relation back standard is satisfied. Here, plaintiff's request to add an already-pleaded theory of liability (negligence), pertaining to the same accident referenced in her existing Montreal Convention claim, clearly concerns the same "conduct, transaction, or occurrence" set forth in the original complaint. Further, it is

---

[4]In fact, one case cited in SAF's motion allowed a similar amendment. In Yahya v. Yemenia-Yemen Airways, No. 08-14789, 2009 WL 3424192 (E.D. Mich. Oct. 20, 2009), the estate of a man who died on a flight from Detroit to Yemen brought state law claims including negligence against the airline that operated that flight. Id. *1–2. The complaint did not specifically allege any claim under the Convention, but noted that its claims "may be governed, 'in whole or in part,' by the Montreal Convention." Id. at *7. The court reasoned that this reference to the Convention, "coupled with the underlying facts pled . . . placed [defendant] on notice of a possible Montreal Convention claim before the Convention's two-year statute of limitations expired." Id. Accordingly, the court granted leave to amend the complaint "to comport with the Montreal Convention" almost three years after the flight in question. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | May 7, 2015 |
|---|---|---|---|
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

well-settled that "requests for leave should be granted with 'extreme liberality.' " Moss, 572 F.3d at 972 (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). For these reasons, plaintiff is granted leave to amend her complaint to allege negligence under the Montreal Convention.

    **C.**     **SAF's Request to Limit Plaintiff's Damages Is Denied.**

Article 21 of the Montreal Convention provides:

> 1. For damages arising under paragraph 1 of Article 17 not exceeding 100,000 Special Drawing Rights for each passenger, the carrier shall not be able to exclude or limit its liability.
> 2. The carrier shall not be liable for damages arising under paragraph 1 of Article 17 to the extent that they exceed for each passenger 100,000 Special Drawing Rights if the carrier proves that:
>> (a) such damage was not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or
>> (b) such damage was solely due to the negligence or other wrongful act or omission of a third party.

A Special Drawing Right, or SDR, "is an artificial currency, the exchange rate for which is published daily by the International Monetary Fund. The value of an SDR fluctuates based on the global currency market, and . . . is determined at the date of the judgment." Shah v. Kuwait Airways Corp., No. 08 Civ. 7371(LAP)(JCF), 2012 WL 1631624, at *1 n.6 (S.D.N.Y. May 7, 2012) (internal quotation marks omitted). The Convention's liability limits are periodically adjusted for inflation; the strict liability limit is now 113,100 SDRs. See Inflation Adjustments to Liability Limits Governed by the Montreal Convention Effective December 30, 2009, 74 Fed. Reg. 59,017 (Nov. 16, 2009).

    The complaint alleges that the defendants "are strictly liable for damage caused by the food poisoning outbreak in an amount not to exceed the applicable limit of Special Drawing Rights per injured passenger (approximately $175,000)." Compl. ¶ 24. Based on this language, SAF requests an order limiting plaintiff's recovery to "provable damages up to 113,100 SDRs." However, plaintiff has also alleged that SAF was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | May 7, 2015 |
|---|---|---|---|
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

negligent, and has requested and received leave to amend her complaint to add negligence allegations to her Montreal Convention claims against SAF. By the Convention's terms, plaintiff's damages will only be limited to 113,100 SDRs if SAF can prove that it was not negligent or otherwise at fault. Therefore, the Court finds that an order limiting plaintiff's damages to that amount would be premature given the early stage of the litigation and plaintiff's anticipated amended complaint, and DENIES SAF's motion to the extent it seeks such an order.[5]

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss. Specifically, the Court grants the motion insofar as it seeks to dismiss the state law claims alleged against Société Air France in Counts I and III of the complaint. The motion is otherwise denied. If plaintiff wishes to file a First Amended Complaint adding negligence allegations to her Montreal Convention claim, she is directed to do so no later than **June 11, 2015**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[5]SAF also seeks to dismiss plaintiff's claims against it for exemplary damages. Article 29 of the Montreal Convention expressly provides that "punitive, exemplary or any other non-compensatory damages shall not be recoverable" in an action governed by the Convention. But the complaint seeks "[e]xemplary damages against defendants not covered by the Montreal Convention." Compl. at 8 (emphasis added). All non-Montreal Convention claims brought against SAF have been dismissed. Additionally, plaintiff states in her opposition that she "does not seek punitive damages against [SAF], but instead only against [Servair]." Opp'n at 5 (emphasis in original). Accordingly, SAF's motion to dismiss claims for exemplary damages against it is DENIED as moot.