**THE KICK LAW FIRM, APC**
Taras Kick (State Bar No. 143379)
Thomas A. Segal (State Bar No. 222791)
201 Wilshire Boulevard
Santa Monica, California 90401
Telephone: (310) 395-2988
Facsimile: (310) 395-2088

Counsel for Plaintiff Laila Benamar

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Laila Benamar,<br><br>  Plaintiff,<br><br>  vs.<br><br>Air France KLM, Societe Air France, Servair, Inc., and DOES 1 through 50,<br><br>  Defendants. | Case No. 2:15-CV-02444-CAS(JPRx)<br><br>**JUDGE Christina Snyder**<br><br>**FIRST AMENDED COMPLAINT** |

# NATURE OF THE ACTION

1. This is an action for strict liability, strict liability (Montreal Convention), negligence, breach of implied warranty and California's Unfair Competition Law brought on behalf of Laila Benamar against Air-France-KLM, Societe Air France, Serv Air, Inc., and DOES 1 through 50.

2. On or about December 4, 2012, Plaintiff Laila Benamar suffered food poisoning on an Air France flight from Paris to Los Angeles. On information and belief, multiple other passengers on the flight also suffered food poisoning from the food served on the flight.

3. Ms. Benamar suffered a sustained, serious and debilitating illness as a result of the food poisoning, including nausea, vomiting, diarrhea, weakness, abdominal pain, and dizziness on a daily basis for many months. During that time, Ms. Benamar was unable to work or to care for her family. Ms. Benamar also suffered severe emotional distress as a result of the illness.

4. After testing, Ms. Benamar's physicians determined that she is infected with a bacteria known as H Pylori.

5. According to medical articles, H Pyloria infection is caused by food or water that has been contaminated with human waste. It weakens the protective coating of the stomach and is linked to stomach cancer and ulcer disease. Some persons infected with H Pyloria have no symptoms, but symptoms include abdominal pain, bloating and fullness, dyspepsia or indigestion and nausea. As

such, there may be many passengers on the Air France flight who are unaware that they were affected by the food poisoning outbreak but who may later suffer symptoms or even be at increased risk of stomach cancer or ulcer disease.

6. Plaintiff will seek discovery into the effect of the food poisoning outbreak on other passengers and may seek leave to amend the complaint to add class allegations.

## PARTIES

7. Plaintiff is, and at all times relevant hereto was, a resident of the City of Los Angeles, County of Los Angeles, State of California.

8. Defendant Air-France KLM is a foreign corporation. On information and belief its principal place of business is Paris, France, and its U.S. headquarters are in New York, New York. On information and belief, Air-France KLM is a holding company that owns and operates Air France.

9. Defendant Societe Air France is an international airline and was the carrier for the December 4, 2012, airline on which the food poisoning outbreak occurred. On information and belief its principal place of business is Paris, France, and its U.S. headquarters are in New York, New York.

10. Defendants Serv Air Inc. is an airline catering business which prepares food for airlines and is the company which prepares meals on Air France flights. Serv Air Inc. is a wholly owned subsidiary of Air France-KLM.

11. The true names or capacities, whether individual, corporate, associate,

2

or otherwise of Defendants DOES 1 through 50, inclusive, and each of them, are unknown to Plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each defendant designated herein by a fictitious name is in some manner legally responsible for the events and happenings herein referred to, and proximately caused foreseeable damages to Plaintiff as alleged herein. Plaintiff will seek leave of Court to amend this Complaint when the names of said DOE defendants are ascertained.

12. At all times relevant hereto, each of the Defendants was the representative, agent, employee, joint venturer, or alter ego of each of the other Defendants and was acting within the scope of its authority as such. This allegation is made in the alternative whenever not doing so would result in a contradiction in the complaint.

**VENUE AND JURISDICTION**

13. Venue is proper in this Court because it is where Plaintiff's injury occurred, and Plaintiff is a resident of Los Angeles County.

14. This Court has jurisdiction over this matter because the amount in controversy exceeds $75,000 and the plaintiff and defendant are citizens of different states.

**FIRST CAUSE OF ACTION**

3

# STRICT LIABILITY[1]

### (Against All Defendants)

15. Plaintiff repeats, re-alleges and hereby incorporates by reference all of the allegations and statements contained in Paragraphs 1 through 14, inclusive, as though fully set forth herein.

16. At all relevant times hereto, Defendants were manufacturers and distributors of the contaminated food products served on Air France flights, including the flight on which Plaintiff suffered food poisoning.

17. The contaminated food was distributed to consumers in an unsafe condition.

18. The food that Defendants distributed on the Air France flight was at the time it left Defendants' control unreasonably dangerous because it contained H Pylori bacteria.

19. The contaminated food reached Plaintiff without substantial change in condition in which the product was distributed.

20. Plaintiff was injured by consuming the contaminated food above.

21. Plaintiff seeks monetary damages.

---

[1] To the extent that this amended complaint pleads causes of action that were dismissed by the Court, this is done solely for purposes of ensuring that those causes of action are not waived on any appeal of this case. They are not intended by Plaintiff to be a part of the operative First Amended Complaint.

4
5009833.1                                  FIRST AMENDED COMPLAINT

## SECOND CAUSE OF ACTION

## STRICT LIABILITY AND NEGLIGENCE – MONTREAL CONVENTION

## (Against All Defendants)

22. Plaintiff repeats, re-alleges and hereby incorporates by reference all of the allegations and statements contained in Paragraphs 1 through 21 above, inclusive, as though fully set forth herein.

23. The food poisoning outbreak was an accident within the meaning of the Montreal Convention.

24. Under the Montreal Convention, Defendants are strictly liable for damage caused by the food poisoning outbreak in an amount not to exceed the applicable limit of Special Drawing Rights per injured passenger (approximately $175,000).

25. Plaintiff was injured by the food poisoning outbreak.

26. Defendants owed a duty of care to Plaintiff to prepare and serve food that was fit for human consumption.

27. Defendant owed a duty of care to Plaintiff to adhere to a reasonable standard of care for the safe handling, storage and preparation of food stored on their aircraft.

28. Defendants breached their duty of care resulting in the distribution of contaminated food to Plaintiff.

29. Plaintiff was injured by Defendants' breach of their duty of care.

5

30. FDA inspection reports show that Servair has been repeatedly cited for failing to follow FDA guidelines related to handling and preparation of food, as well as failing to ensure that drinks are not contaminated. The FDA found that in Servair's Miami airport kitchen:

> "Not all food handling operations are being accomplished so as to minimize the possibility of contaminating food."

(www.fda.gov/downloads/iceci/enforcementactions/ucm346087.csv - 2560k)

31. Similarly, the FDA found that:

> "Not all food handling operations are being accomplished so as to minimize the possibility of contaminating drink."

(*Id.*)

32. The FDA also found that:

> "Handwashing facilities for use by food handling employees lack soap and sanitary towels."

33. The FDA warned ServAir that:

> "You are not monitoring the sanitation conditions and practices with sufficient frequency to ensure compliance with Current Good Manufacturing Practices including safety of water that comes into contact with food or food services, including water used to manufacture ice, maintenance of handwashing, sanitizing and toilet facilities, [and] control of employee health conditions."

(www.fda.gov/downloads/iceci/enforcementactions/ucm346083.csv - 2560k)

34. Because Defendants were at fault for the food poisoning, Plaintiff seeks damages in excess of the strict liability limits of the Montreal Convention.

**THIRD CAUSE OF ACTION**

**NEGLIGENCE**

**(Against All Defendants)**

35. Plaintiff repeats, re-alleges and hereby incorporates by reference all of the allegations and statements contained in Paragraphs 1 through 34 above, inclusive, as though fully set forth herein.

36. Defendants owed a duty of care to Plaintiff to prepare and serve food that was fit for human consumption.

37. Defendant owed a duty of care to Plaintiff to adhere to a reasonable standard of care for the safe handling, storage and preparation of food stored on their aircraft.

38. Defendants breached their duty of care resulting in the distribution of contaminated food to Plaintiff.

39. Plaintiff was injured by Defendants' breach of their duty of care.

40. FDA inspection reports show that Servair has been repeatedly cited for failing to follow FDA guidelines related to handling and preparation of food, as well as failing to ensure that drinks are not contaminated. The FDA found that in Servair's Miami airport kitchen:

"Not all food handling operations are being accomplished so as to minimize the possibility of contaminating food."

(www.fda.gov/downloads/iceci/enforcementactions/ucm346087.csv - 2560k)

41. Similarly, the FDA found that:

"Not all food handling operations are being accomplished so as to minimize the possibility of contaminating drink."

(*Id.*)

42. The FDA also found that:

"Handwashing facilities for use by food handling employees lack soap and sanitary towels."

43. The FDA warned ServAir that:

"You are not monitoring the sanitation conditions and practices with sufficient frequency to ensure compliance with Current Good Manufacturing Practices including safety of water that comes into contact with food or food services, including water used to manufacture ice, maintenance of handwashing, sanitizing and toilet facilities, [and] control of employee health conditions."

(www.fda.gov/downloads/iceci/enforcementactions/ucm346083.csv - 2560k)

44. As demonstrated, *inter alia*, by the above recurring course of conduct of putting profits ahead of safety, and further upon information and belief, Servair's

8

conduct and actions alleged herein were despicable, and were done maliciously, oppressively and fraudulently, with the intent to wrongfully cause Plaintiff injury, and with a willful and conscious disregard of Plaintiff's ' rights. In the event that ServAir as a food service company is not covered by the Montreal Convention, Plaintiff seeks exemplary damages from ServAir.

45. The conduct alleged herein was engaged in by representatives of Servair, and, upon information and belief, officers, directors and/or managing agents of Servair authorized and/or ratified each and every act on which the Complaint's allegations of punitive damages herein are based. On that basis, pursuant to Civil Code §3294, Plaintiff is entitled to an award of exemplary and punitive damages in an amount adequate to make an example of, and to punish and deter, Servair.

46. Plaintiff seeks monetary damages.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

**(Against Defendants Servair and DOES 1 through 50)**

47. Plaintiff realleges Paragraphs 1 through 46. At all relevant times, Defendant Servair and DOES 1 - 50 manufactured and distributed the food on Air France flights.

48. At all relevant time, these Defendants intended that the food be used as Plaintiff used it, *i.e.* consumed, and impliedly warranted that the food was fit for that purpose.

49. These Defendants in fact breached the implied warranty in that the food served was not safe for human consumption.

50. As a result of these Defendants' conduct, Plaintiff suffered damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION LAW

**(Against Defendants Servair and DOES 1 through 50)**

51. Plaintiff realleges paragraphs 1 through 50. Plaintiff suffered an injury in fact and lost money and property in that she lost wages and incurred medical expenses as a result of suffering food poisoning on the Air France flight and paid for a ticket on an Air France flight.

52. Defendants have engaged in a business practice of providing food for Air France flights that is not safe for human consumption.

53. By so doing, Defendants have engaged in unfair competition within the meaning of California Business & Professions Code § 17200, et seq.

54. Defendants' conduct is unlawful and fraudulent, *inter alia*, in that they fail to disclose that the food provided on Air France flights is not fit for human consumption.

55. Defendants' practice is also unfair under any of the tests for the unfair prong recognized by California's appellate courts. The practice has no utility and, even if it did, any utility is outweighed by the gravity of harm to Plaintiff.

56. Defendants have been unjustly enriched as a result of its conduct, and Plaintiff will seek restitution at trial.

57. Plaintiff seeks an order enjoining Defendants from the conduct alleged herein.

## PRAYER FOR RELIEF

1. General damages according to proof;
2. Special damages according to proof;
3. Interest, costs and expenses in this litigation;
4. Prejudgment interest on the amount of damages attributable to personal injury pursuant to Civil Code section 3291;
5. Exemplary damages against defendants not covered by the Montreal Convention;
6. Such other and further relief as may be just and proper.

Dated: June 11, 2015

**THE KICK LAW FIRM, APC**

/s/ Thomas Segal
Taras Kick (SBN 143379)
Thomas Segal (SBN 222791)
Attorneys for Plaintiff
Laila Benamar

## DEMAND FOR JURY TRIAL

11

5009833.1        FIRST AMENDED COMPLAINT

Plaintiff hereby demands a jury trial.

Dated: June 11, 2015          THE KICK LAW FIRM, APC

                               By:  /s/ Thomas Segal
                                      Taras Kick (SBN 143379)
                                      Thomas Segal (SBN 222791)

                                      Attorneys for Plaintiff Laila Benamar

5009833.1                         FIRST AMENDED COMPLAINT