UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | July 31, 2015 |
|---|---|---|---|
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   **(In Chambers)** DEFENDANT SOCIÉTÉ AIR FRANCE'S MOTION TO DISMISS COUNTS IN PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. No. 28, filed June 25, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of August 10, 2015, is vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION AND BACKGROUND**

Plaintiff Laila Benamar filed this action on December 3, 2014, against defendants Air France-KLM, Société Air France ("SAF"), Servair, Inc. ("Servair"), and Does 1 through 50. Dkt. No. 1. Plaintiff alleges that on or about December 4, 2012, she suffered food poisoning on an SAF-operated flight from Paris to Los Angeles. FAC ¶ 2. Plaintiff's initial complaint alleged claims for breach of implied warranty and violations of California's Unfair Competition Law against Servair and Does 1 through 50, and claims for (1) common law strict liability, (2) strict liability under the Montreal Convention, and (3) common law negligence against all defendants. See generally Compl.

On May 7, 2015, the Court granted without leave to amend SAF's motion to dismiss the state law claims for negligence and strict liability asserted against SAF, finding that those claims are preempted by the Montreal Convention. Dkt. No. 20 at 3–6. However, plaintiff was granted leave to amend her complaint to allege negligence under the Montreal Convention. Id. at 6–8. No defendant besides SAF has appeared in this action, and the Court's May 7, 2015 order did not affect any claim asserted against defendants other than SAF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | July 31, 2015 |
|---|---|---|---|
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

On June 11, 2015, plaintiff filed her First Amended Complaint ("FAC"), which realleges against SAF (and all other defendants) the previously dismissed state law claims. See FAC ¶¶ 15–21, 35–46. Plaintiff explains that, to the extent the FAC "pleads causes of action dismissed by the Court, this is done solely for purposes of ensuring that those causes of action are not waived on any appeal of this case," and that such claims "are not intended . . . to be a part of the operative [FAC]." Id. at 4 n.1. On June 25, 2015, SAF filed a motion to dismiss the realleged state law claims with prejudice on the grounds that (1) plaintiff was not required to reassert them in order to preserve them for appeal, and (2) their inclusion in the operative complaint could confuse the issues. Dkt. No. 28. Plaintiff filed an opposition on July 20, 2015. Dkt. No. 30. Defendant filed a reply on July 23, 2015. Dkt. No. 33. Having considered the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | July 31, 2015 |
|---|---|---|---|
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III.   DISCUSSION

As noted, plaintiff states that she has realleged claims previously dismissed without leave to amend in order to preserve them for appeal. For some time, the rule in the Ninth Circuit was that "a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997). In 2012, however, the Ninth Circuit jettisoned that rule, holding: "For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal . . . [but] for any claims voluntarily dismissed, we will consider those claims to be waived if not repled." Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (expressly overruling Forsyth in part). The en banc court reasoned that the prior Forsyth rule was (1) unfair to plaintiffs, who often faced a choice "between failing to preserve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | July 31, 2015 |
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

issues for appeal and risking sanctions by realleging dismissed claims"; (2) detrimental to district courts forced to "wast[e] resources in parsing old claims and reiterating . . . prior rulings"; and (3) not justified by sufficient practical considerations. Id. at 927–28. Accordingly, in this case, plaintiff did not have to reallege the previously dismissed claims to preserve them for appeal.

    As other courts have noted, the Lacey court—in deciding that a plaintiff need not replead claims dismissed with prejudice—did not hold that "an amended complaint should not include claims that have been dismissed with prejudice." Taylor ex rel. Thompson v. Zurich Am. Ins. Co., No. CV 11–08110–PCT–JAT, 2013 WL 1340014, at *8 (D. Ariz. April 1, 2013) (emphasis in original); see also In re Superior Nat'l Ins. Grp., No. 1:00-bk-14099-GM, 2014 WL 1873300, at *4 (Bankr. C.D. Cal. May 8, 2014) ("While Lacey . . . holds that claims dismissed with prejudice need not be repled to be preserved for appeal, it does not prohibit repleading such claims."). Accordingly, at least one district court in this circuit has granted leave to file an amended complaint realleging claims dismissed with prejudice, despite the defendant's Lacey-based objection. See Taylor ex rel. Thompson, 2013 WL 1340014, at *9.

    A greater number of district courts, however, have relied on Lacey in finding it more efficient to dismiss or strike realleged claims already dismissed with prejudice. In striking a complaint containing previously dismissed claims, one court cited Lacey's concern with district courts wasting resources "in parsing old claims and reiterating . . . prior rulings." Beavers-Gabriel v. Medtronic Inc., No. 13–00686 JMS–RLP, 2014 WL 4723802, at *2 (D. Haw. Sept. 22, 2014) (citing Lacey, 693 F.3d at 928). Other courts have reasoned similarly. See Bess v. Ocwen Loan Serv., LLC, No. C 15-5020 BHS, 2015 WL 3465756, at *3 (W.D. Wash. June 1, 2015) (dismissing with prejudice claims realleged solely in order to preserve right to appeal); Baker v. Gottlieb, No. 13–00236 LEK–BMK, 2014 WL 5460619, at *2 (D. Haw. Oct. 24, 2014) (same); Bronson v. Johnson & Johnson, Inc., No. C 12–04184 CRB, 2013 WL 5731817, at *3 (N.D. Cal. Oct. 22, 2013) (same); Giuliano v. SanDisk Corp., No. C 10-02787 SBA, 2013 WL 3942943, at *3–4 (N.D. Cal. July 29, 2013) (similar).

    Following the majority of cases addressing this issue, the Court concludes that the realleged claims should be dismissed. As SAF points out, the inclusion of claims already dismissed with prejudice in the non-operative complaint has the potential to confuse the scope of discovery and any dispositive motions. And aside from preserving the claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-CV-02444-CAS(JPRx) | Date | July 31, 2015 |
| Title | LAILA BENAMAR v. AIR FRANCE-KLM, ET AL. | | |

for appeal, which is unnecessary in light of Lacey, plaintiff has identified no persuasive reason for allowing her to reassert the dismissed claims. See Giuliano, 2013 WL 3942943, at *3–4 ("While it is not improper under Lacey for Plaintiff to reallege his conspiracy claim in the SAC, the Court sees no benefit in allowing Plaintiff to do so in this case.").

## IV. CONCLUSION

In accordance with the foregoing, and for the reasons stated in the Court's May 7, 2015 order, the Court **DISMISSES WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** plaintiff's state law claims for Strict Liability (Count 1) and Negligence (Count 3), to the extent those claims are asserted against SAF. No later than **August 31, 2015**, plaintiff is to file a Second Amended Complaint that may not reallege these dismissed claims against SAF.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | CMJ |